UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Garry Milosevich,

       Petitioner,

v.                                                                                  No. 14-cv-744 (JNE/TNL)
                                                                                ORDER

C. Nickrens, Warden of the Federal Prison
Camp in Duluth, Minnesota,

       Respondent.

---

      Petitioner Garry Milosevich is an inmate at the Federal Prison Camp in Duluth, Minnesota. He is there serving a sentence imposed by the United States District Court for the Western District of Wisconsin in April 2013. Milosevich initiated this action pro se in March 2014 by filing a "Verified Emergency Petition for Writ of Habeas Corpus" which names the Warden of the Federal Prison Camp as Respondent. ECF No. 1. That petition was accompanied by a "Motion to Schedule Emergency Hearing," ECF No. 2, and a number of supporting documents, ECF Nos. 3-11. Milosevich's filings make clear that he is "seeking relief from unlawful imprisonment" and "challenging the jurisdiction of the Trial Court which unlawfully adjudicated against him."

      On April 7, 2014, the United States Magistrate Judge issued a Report and Recommendation, ECF No. 12, in which he determines that Milosevich's petition is in substance a motion to vacate his sentence under 28 U.S.C. § 2255. Concluding that Milosevich thus should have brought his claim in the trial court in the Western District of Wisconsin and that this Court therefore lacks jurisdiction to entertain the petition, the Magistrate Judge recommends that the case be summarily dismissed.

Milosevich requested and was granted an extension of the deadline in which to file objections to the Report and Recommendation. ECF No. 15. He has since filed a number of documents under various headings in which, among other things, he reiterates his position that the trial court did not have jurisdiction to convict and sentence him. Milosevich also objects generally to the handling of his petition and to the Magistrate Judge's conclusion that this Court is without jurisdiction to consider its merits. The Respondent filed a brief response urging the Court to adopt the Report and Recommendation in full.

Milosevich's submissions only confirm that this action is a collateral attack on the legality of his sentence. It is therefore properly considered as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Lee v. U.S.*, 501 F.2d 494, 500 (8th Cir. 1974) ("We look to the essence of his complaint and do so, without controlling reference to the label or title of his pleadings, in order that we may determine whether the court has jurisdiction under any theory which might afford relief.").

A motion under § 2255 must generally be brought in the sentencing court. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . ."). The only circumstance in which a district court other than the sentencing court may entertain a post-conviction petition that presents claims which are cognizable under § 2255 is where a motion directed to the sentencing court would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of making this showing. *Hill*, 349 F.3d at 1091.

As the Magistrate Judge noted, the docket in Milosevich's criminal case in the Western District of Wisconsin, *U.S. v. Milosevich*, No. 07-cr-66-bbc-2, reveals that he has filed no post-conviction motions there. Milosevich makes no showing that doing so would have been an "inadequate or ineffective" method of challenging the trial court's jurisdiction. In fact, § 2255(a) expressly provides for a federal prisoner to "move the court which imposed the sentence" to vacate it on the ground that it "was without jurisdiction to impose such sentence."

The Court therefore agrees with the Report and Recommendation's analysis that Milosevich's petition should have been filed in the Western District of Wisconsin and that, as a result, this Court lacks jurisdiction to consider its merits. *See Hill*, 349 F.3d at 1091 ("If § 2255 was adequate or effective, then the district court properly concluded that it lacked jurisdiction to entertain the [petitioner's post-conviction] claims.").

However, dismissal does not inexorably follow. Twenty-eight U.S.C. § 1631 provides that

> [w]henever a civil action is filed in a [district] court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

This provision "was enacted so that parties confused about which court has subject-matter jurisdiction would not lose an opportunity to present the merits of a claim by filing in the wrong court and then, upon dismissal, having the claim barred by a statute of limitations." *Hyun Min Park v. Heston*, 245 F.3d 665, 667 (8th Cir. 2001) (quoting *Gunn v. U.S. Dept. of Agriculture*, 118 F.3d 1233, 1240 (1997)).

The docket in Milosevich's criminal case shows that he was sentenced on April 2, 2013, and that the Judgment and Commitment was entered the following day. No direct appeal was

noticed. The one-year window for filing a motion to vacate in the trial court under § 2255 therefore appears to have closed while the Report and Recommendation was pending here. *See* 28 U.S.C. § 2255(f)(1) (imposing "1-year period of limitation" on filing a § 2255 motion that runs from "the date on which the judgment of conviction becomes final").

Milosevich is proceeding pro se and is, in his own words, a "common man" who is "not highly trained in the law." Dismissal of this case could preclude him from receiving an adjudication on the merits of his claim, even if he were to immediately re-file it in the proper court. In these circumstances, the Court concludes that it is in the interests of justice to transfer this matter to the Western District of Wisconsin rather than to order its dismissal.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Clerk of Court shall TRANSFER this matter to the United States District Court for the Western District of Wisconsin.

Dated: June 19, 2014                                  s/Joan N. Ericksen
                                                      JOAN N. ERICKSEN
                                                      United States District Judge